Matter of Kaminski (2025 NY Slip Op 04994)

Matter of Kaminski

2025 NY Slip Op 04994

Decided on September 17, 2025

Appellate Division, Second Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JANICE A. TAYLOR, JJ.

2023-01791

[*1]In the Matter of Alex Joseph Kaminski, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Alex Joseph Kaminski, respondent. (Attorney Registration No. 5241005)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 17, 2014. By decision and order on motion dated September 26, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his conviction on October 3, 2022, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor.

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.

PER CURIAM

OPINION & ORDER
By affirmation dated February 17, 2023, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised this Court that on October 3, 2022, the respondent pleaded guilty in the Supreme Court, Nassau County, before the Honorable Tammy S. Robbins, to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor, and leaving the scene of an accident with property damage, in violation of Vehicle and Traffic Law § 600(1)(a), a traffic infraction.
By decision and order on motion dated September 26, 2023, this Court directed the respondent to show cause at a hearing before David I. Ferber, as Special Referee, why a final order of suspension, censure, or disbarment should not be made, based on his criminal conviction. After a hearing conducted on May 22, 2024, the Special Referee issued a report dated July 18, 2024, setting forth his findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. In response, the respondent submits an affirmation in opposition to the motion to confirm and requests a private admonition.
On October 3, 2022, the respondent pleaded guilty to the above-mentioned charges pursuant to an agreed upon disposition with the Nassau County District Attorney's Office. The agreed upon disposition provided for the respondent to be incarcerated for a period of 80 days. At [*2]the end of that period of incarceration the respondent would be sentenced to time served with three years of Recidivist Alcohol Probationer Program probation, his driver license would be revoked for a minimum of six months, and he would be required to attend a Victim Impact Panel and an Impaired Driver Program, perform 100 hours of community service through probation, install an ignition interlock device for any vehicle the respondent would drive, and pay restitution for any property damage. On December 19, 2022, upon his release from jail, the respondent was sentenced in the Supreme Court, Nassau County, before the Honorable Teresa Corrigan, in accordance with the agreed upon disposition. In addition, the court imposed a $500 fine, $175 surcharge, a $25 crime victim's assistance fee, a $50 DNA fee, and an additional $195 driving while intoxicated surcharge.
The record shows that on January 26, 2022, at approximately 10:15 p.m., Nassau County police officers responded to a report of a car accident in the vicinity of Park Avenue and East Clinton Avenue in Roosevelt. According to a 911 caller, a blue Jeep Wrangler was driving southbound on Park Avenue and collided with several parked cars. When the police officers arrived at the scene, they observed the respondent in the driver's seat of a blue Jeep Wrangler, which had collided with a legally parked, unoccupied Nissan Sentra. When the police officers approached the respondent, they observed him to have red, watery eyes, slurred speech, and a strong odor of alcohol emanating from his breath. The police officers also observed two empty 24 ounce Truly margarita-flavored hard seltzers on the front passenger side floorboard. When the police officers attempted to conduct a field sobriety test, they observed that the respondent was unsteady on his feet and, ultimately, he refused to proceed with the test. The respondent also refused to submit to a breathalyzer test. The police officers located an eyewitness who reported that he had observed the respondent driving southbound in the northbound lane of traffic and colliding with an unoccupied parked Honda, which then hit a parked gray Ford Explorer. Thereafter, the eyewitness observed that the respondent continued to drive southbound on Park Avenue, driving onto a sidewalk and then colliding with the Nissan Sentra, at which point the respondent's vehicle became inoperable. The respondent was arrested at 10:35 p.m. and transported to the police station.
The record indicates that the respondent previously pleaded guilty on November 17, 2017, to a charge of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3).
At a hearing before the Special Referee, the respondent testified that in 2016, he joined his current law firm, Davis & Ferber, as an associate working in its labor and employment practice. Davis & Ferber represents approximately 60 labor unions, including law enforcement unions, healthcare unions, and teachers unions. The respondent testified that in April 2017, he was arrested for driving while intoxicated and ultimately received a conditional discharge. Thereafter, the respondent attended a nine-week program through Catholic Charities, adhered to the conditions of his discharge, and did not continue treatment after his mandated time, as he felt he had no issue with alcohol.
With respect to the respondent's arrest on January 26, 2022, inter alia, for driving while intoxicated, the respondent testified that he had been at a cigar lounge near Eisenhower Park in East Meadow with clients and prospective clients. The respondent stated that he arrived at the cigar lounge straight from work and had a couple of drinks. He also testified he had nothing to eat. The respondent stated that upon leaving the cigar lounge and getting into his car, he started driving the wrong way. He explained that his phone had died so while he was waiting for it to charge in the car, he got turned around and started driving in the wrong direction. The respondent had intended to drive home. The respondent could not recall what happened that caused him to hit multiple parked cars, but stated that he was advised that his vehicle struck a parked car and then, as he proceeded away from the parked car, he lost control of his car and struck another parked car.
Shortly after his arrest, the respondent attended a 12-week treatment program at the Kenneth Peters Center, which consisted of group counseling one time per week, a one-time orientation group, participation in at least one outside self-help meeting per week, and random weekly toxicology tests. The respondent testified that after being released from jail, he initially attended Alcoholics Anonymous meetings on a weekly basis and then attended once a month, but at the time of the hearing he had not attended a meeting in approximately one year. When asked about his current level of sobriety, the respondent stated that he has not had an alcoholic drink since his arrest in 2022 and he does not intend to drink alcohol. The respondent stated that becoming a father has changed him. The respondent submitted a Substance Abuse Evaluation, which he had completed in order to restore his driver license, to show that he did not need any further treatment.
The Special Referee found that the respondent admitted to having driven his car while [*3]intoxicated. The Special Referee noted that the character testimony showed that the respondent is well regarded at work, is believed to have integrity, and appears to have supportive people in his life. The Special Referee found that the respondent expressed genuine remorse, however the Special Referee found it troubling that the respondent did not continue to seek objective third-party support via Alcoholics Anonymous or another organization once his mandated remedial activities had been completed.
In requesting a private admonition, the respondent contends that he established at the hearing that he has taken both mandatory and voluntary steps in furtherance of his continued sobriety. He further contends that he demonstrated that he has had a complete lifestyle change since the birth of his son in January 2023 and that he takes full responsibility and has expressed remorse for his actions. The respondent notes that he has done charitable work, although he admits that the community service he performed was to satisfy required community service hours pursuant to his agreed upon disposition.
The respondent contends that his misconduct did not harm any clients, as his arrest occurred in the late evening hours following his attendance at a social event. The respondent notes that he has fully cooperated with law enforcement and the Grievance Committee in its investigation, that he self-reported his conviction, and that he testified candidly at his hearing. The respondent states that he has complied with the terms of his probation.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based on his conviction on October 3, 2022. In view of the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
Under the totality of the circumstances, the respondent is publicly censured for the unlawful conduct which resulted in his conviction (see Matter of Fleming, 223 AD3d 25; Matter of Eisenfeld, 175 AD3d 154).
LASALLE, P.J., DILLON, DUFFY, BARROS, TAYLOR, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Alex Joseph Kaminski, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court